# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JENNIFER BROWN

      Plaintiffs,                            Case Action No.: 1:08cv372

      v.                                   Judge Michael R. Barrett

CINCYAUTOS, INC.,

      Defendant.

## ORDER

This matter is before the Court on Plaintiff's motion for partial summary judgment (Doc. 7). Defendant filed a memorandum in opposition (Doc. 15) to which Plaintiff replied (Doc. 24). Each party requested and was granted leave to file a supplemental reply (see Doc. 21 and 24). This matter is now ripe for review.

### Statement of Relevant Facts

Plaintiff purchased a 2003 Jeep Liberty in June, 2005 from Defendant. At the time of the purchase the Buyers Guide was affixed to the window of the vehicle as required by 16 CFR §455. The Buyers Guide had all the necessary warranty information and all other information required except that it did not include the name and address of the dealer and the name and telephone number of a person for Plaintiff to contact in case of complaints that might arise after the sale which are required under 16 CFR §455.2(c) and (e).

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

Legal Analysis

The Ohio Consumer Sales Practices Act ("CSPA") sets forth that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." O.R.C. §1345.02(A). The CSPA goes on to provide that "the court shall give due consideration and great weight to federal trade commission orders, trade regulation rules and guides, and the federal courts' interpretations of subsection 45(a)(1) of the 'Federal Trade Commission Act,' 38 Stat. 717 (1914), 15 U.S.C.A. 41, as amended." O.R.C. §1345.02(C).

16 CFR 455.1 sets forth the general duties of a used vehicle dealer and specifically sets forth what it considers to be deceptive or unfair acts. It states, in relevant part, as follows:

> (a) It is a deceptive act or practice for any used vehicle dealer, when that dealer sells or offers for sale a used vehicle in or affecting commerce as commerce is defined in the Federal Trade Commission Act:

> (1) To misrepresent the mechanical condition of a used vehicle;
>
> (2) To misrepresent the terms of any warranty offered in connection with the sale of a used vehicle; and
>
> (3) To represent that a used vehicle is sold with a warranty when the vehicle is sold without any warranty.
>
> (b) It is an unfair act or practice for any used vehicle dealer, when that dealer sells or offers for sale a used vehicle in or affecting commerce as commerce is defined in the Federal Trade Commission Act:
>
> (1) To fail to disclose, prior to sale, that a used vehicle is sold without any warranty; and
>
> (2) To fail to make available, prior to sale, the terms of any written warranty offered in connection with the sale of a used vehicle.
>
> (c) The Commission has adopted this Rule in order to prevent the unfair and deceptive acts or practices defined in paragraphs (a) and (b). It is a violation of this Rule for any used vehicle dealer to fail to comply with the requirements set forth in §§ 455.2 through 455.5 of this part. If a used vehicle dealer complies with the requirements of §§ 455.2 through 455.5 of this part, the dealer does not violate this Rule.

The question this Court must address is, does a violation of "this Rule," as set forth in 16 CFR 455.1(c), equate to a deceptive or unfair act or practice under O.R.C. §1345.02.

Plaintiff argues that by Defendant omitting its name, address and the name and telephone number of a contact person on the Buyers Guide, Defendant violated 16 CFR 455.1 and therefore violated O.R.C. 1345.02(A). Defendant counters that Plaintiff admitted that she knew the name and address of the Defendant as well as a telephone number to call. Further, Defendant argues that *Cummins v. Dave Fillmore Car Company, Inc.*, 1987 Ohio App. LEXIS 9392 (Ohio Ct. App., Franklin County Oct. 27, 2987), holds that if the omission of information on the Buyer's Guide is the result of a bona fide error under O.R.C. §1345.11(A), as Defendant contends here, no valid claim under the CSPA exists. Plaintiff,

3

in her reply brief, argues that the bona fide error defense goes to damages and that the damage issue is not currently before the Court, only the issue of liability.

Plaintiff relies on *Cummins v. Dave Filmore Car Company, supra,* as well to support her argument. In *Cummins*, the Court of Appeals for the Tenth Appellate District held that it was a violation of Section 455.3(b) and thus O.R.C. 1345.02(A) for the Defendant to fail to include required language in the contract of sale, specifically that "the information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contract provisions in the contract of sale." *Id* at P13*., s*ee also 16 CFR 455.3(b). Although Section 455.3(b) is not at issue in this case it does support Plaintiff's argument that a violation of Section 455.2(c) and (e) is also a violation of O.R.C. 1345.02(A).

Defendant points out that even though the trial court in *Cummins* found that the Buyers Guide was technically defective because it was not posted in a window and it was not properly filled out, "the trial court found these problems were the result of a bona fide error so that no violation occurred." *Cummins v. Dave Fillmore Car Company, Inc*., 1987 Ohio App. LEXIS 9392, P12. However, this finding by the trial court was not challenged by the plaintiff on appeal and, thus, the Appellate Court did not consider it. The Appellate Court also did not consider whether defendant's violation of 455.3(b) – not including the required language in the contract of sale -- was a bona fide error but instead found that plaintiff proved no damages and that he had already been awarded the $200 allowed by O.R.C. §1345.09. See also, *Rubin v. Gallery Auto Sales*, unreported opinion, Case No. 303854 (Cuyahoga Cty., CP, June 9, 1997)(relying on *Cummins* the Court held that failure

4

to display the Buyers Guide is a violation of the CSPA and failure to fill in the person to contact in the case of complaints on the Buyers Guide is a violation of the CSPA); *Milton v. Riverside Auto Exchange*, unreported opinion, Case No. 91-CVF-2 (Montgomery Cty., Dist. 2 , August 27, 1991)(relying on *Cummins*, the Court held that failure to comply with 16 CFR 455.1, by not displaying the Buyers Guide, is a violation of the CSPA). *Buskirk v. Harrell*, 2000 Ohio App. LEXIS 3100, P19 (Ohio Ct. App., Pickaway County June 28, 2000) further supports Plaintiff's argument. The Court of Appeals for the Fourth Appellant District, in *Buskirk*, held that "[a] failure to post the window form, the 'Buyers Guide,' in the window of this van was a 'deceptive act' under Section 455.1(b), Title 16, C.F.R. The General Assembly directs us to give this trade regulation 'great weight.' R.C. 1345.02(C). The failure to post a window form, therefore, must be deemed a 'deceptive act' in violation of the CSPA under R.C. 1345.02(A)."

A review of Section 455.1 and 455.2 clearly demonstrate that Defendant violated Section 455.1. Section 455.1(c) provides that "it is a violation of this Rule for any used vehicle dealer to fail to comply with the requirements set for in §§455.2 through 455.5 of this part." Section 455.2(a) requires the display of a Buyers Guide and further provides that "[w]hen filling out the form [the Buyers Guide], follow the directions in (b) through (e) of this section and §455.4 of this part." Section 455.2(c) requires that the dealer put its name and address in the space provided on the form. Section 455.2(e) requires that the dealer "put the name and telephone number of the person who should be contact if any complaints arise after sale." It is undisputed that Defendant did not put its name and address in the space provided nor did it put the name and telephone number of who to

5

contact. Therefore, as set forth in Section 455.1(c), Defendant violated "this Rule."

Plaintiff wants this court to follow the state cases cited above and, in essence, adopt a per se rule that a violation of Section 455.1 is a violation of the CSPA. The theory behind this is that a violation of Section 455.1 is, by statute, a deceptive or unfair act or practice and, thus, would also be deceptive or unfair under the CSPA. The Court is, however, struggling with this. Section 455.1(a) specifically sets forth what is deemed to be a deceptive act or practice and Section 455.1(b) specifically sets forth what is deemed to be an unfair act or practice. Failure to include the name and address of the dealer and who to contact do not necessarily fall into these definitions. However, since the CSPA is remedial in nature and should be construed liberally (*Renner v. Procter & Gamble Co.*, 54 Ohio App. 3d 79, 86 (Ohio Ct. App., Athens County 1988)*(citations omitted)*), the Court must find that Defendant technically violated the CSPA by failing to comply with 16 CFR 455.2(c) and (e). Unfortunately for Defendant, Title 16 does not provide for a bona fide error defense as to liability and neither does the CSPA, but, such a defense can affect any potential damage award. Whether Defendant's omission was a bona fide error is a question of fact that will be considered at a later stage in the litigation.

Thus, Plaintiff's motion for partial summary judgment as to her claim of Ohio's Consumer Sales Practices Act violations as to liability only is GRANTED.

**IT IS SO ORDERED**.

<em>s/Michael R. Barrett</em><br>
Michael R. Barrett, Judge<br>
United States Court